IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST,<br><br>      Plaintiff,<br><br>  v.<br><br>HIGH PERFORMANCE ALLOYS, INC. and SARA SULLIVAN, AS WIFE AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ELLIOT SULLIVAN, DECEASED,<br><br>      Defendants. | Case No.:    1:23-cv-23-1875 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, INSURANCE COMPANY OF THE WEST, by and through its attorneys, TRESSLER LLP, and for its Complaint for Declaratory Judgment against Defendants HIGH PERFORMANCE ALLOYS, INC. and SARA SULLIVAN, AS WIFE AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ELLIOT SULLIVAN, DECEASED, pursuant to 28 U.S.C. §§ 2201 and 2202, states as follows:

**STATEMENT OF THE CASE**

1.  This is an insurance coverage dispute arising out of a personal injury lawsuit captioned *Sara Sullivan, as wife and Personal Representative of the Estate of Elliot Sullivan, deceased, v. High Performance Alloys, Inc.,* Case No. 80C01-2308-CT-001072 pending in the Circuit Court of Tipton County, Indiana (the "*Sullivan* Lawsuit"). Insurance Company of the West ("ICW") seeks a declaration that it does not owe a duty to defend or indemnify High Performance Alloys, Inc. ("HPA") because the underlying factual basis of the *Sullivan* Lawsuit, even if proved true, would not result in liability under the insurance policy issued by ICW to HPA.

## PARTIES

2. ICW is a corporation organized and existing under the laws of California with its principal place of business in California. It is therefore a citizen of California.

3. HPA is a corporation organized and existing under the laws of Indiana with its principal place of business in Indiana. It is therefore a citizen of Indiana.

4. Sara Sullivan, as wife and Personal Representative of the Estate of Elliot Sullivan, deceased ("Sullivan") is a resident of Howard County, Indiana and is therefore a citizen of Indiana. She is joined herein solely as an interested party as she is the plaintiff in the *Sullivan* Lawsuit.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 exclusive of costs and interest and there is complete diversity of citizenship between the Plaintiff and the Defendants.

6. Venue is proper in this District as this case concerns coverage for HPA, whose principal place of business is located in this District and the *Sullivan* Lawsuit is pending in this District.

## FACTUAL BACKGROUND

*Sullivan* Lawsuit

7. HPA was named as a defendant in the *Sullivan* Lawsuit. A true and correct copy of the Complaint for Damages filed in the *Sullivan* Lawsuit is attached hereto as Exhibit 1.

8. The *Sullivan* Lawsuit alleges that Elliot Sullivan was employed as a plant manager for HPA at the HPA facility located in Tipton County, Indiana. *See* Exhibit 1, ¶¶ 2, 6.

9. The *Sullivan* Lawsuit alleges that configuration tests were being run on a 750-Ton Large Erie Forge Press inside the HPA facility on August 12, 2022. The Erie Forge Press had metal

bars, referred to as "shims" or "hard-stops", on each corner of the bolster plate of the Erie Forge Press, which were used to configure the machine. *See* Exhibit 1, ¶¶ 8-9.

10. The *Sullivan* Lawsuit alleges that, on August 12, 2022, when the Erie Forge Press head was lowered and pressure was applied, the southwest corner shim or hard-stop shot out underneath the bolster plate at a high rate of speed toward the control panel and struck Elliot Sullivan in the abdomen. *See* Exhibit 1, ¶¶ 10, 13.

11. As a result of the August 12, 2022 incident, Elliot Sullivan allegedly sustained fatal injuries. *See* Exhibit 1, ¶ 80. Sullivan is seeking compensatory damages for the loss of Elliot Sullivan's love and companionship, severe mental pain, grief and suffering, and loss of financial support. Sullivan is also seeking incident and consequential damages, attorney's fees, pre-judgment interest, and post-judgment costs. *See* Exhibit 1. The Complaint in the *Sullivan* Lawsuit seeks an award of damages in excess of $75,000. *See* Exhibit 1.

12. The *Sullivan* Lawsuit alleges that HPA had actual knowledge that its employees were in danger of being struck by and caught in hazards due to HPA's failure to properly safeguard its employees from machinery using protective shields because it had received a "serious" violation from the Indiana Occupational Safety and Health Administration for having "ineffectively guarded" equipment. *See* Exhibit 1, ¶¶ 74-75.

13. The *Sullvan* Lawsuit further alleges that HPA had actual knowledge of a Lake Erie software and/or system update that allowed the Erie Forge Press operators the ability of precision during the calibration and measuring process without the need for shims or hard stops, but HPA failed to install the update and continued to force employees to use the hard stops and/or shims. *See* Exhibit 1, ¶¶ 77-78.

14. The *Sullvan* Lawsuit alleges that HPA acted with actual intent to cause injury to Elliot Sullivan. *See* Exhibit 1, ¶ 79. Elliot Sullivan allegedly lost his life as a direct and proximate result of the grossly negligent and careless acts and omissions of HPA. *See* Exhibit 1, ¶ 80.

**ICW Policy**

15. ICW issued policy number WIN 5057361 01 to its named insured, HPA, for the period of October 1, 2021 to October 1, 2022 ("the Policy"). A true and correct copy of the ICW Policy is attached hereto as Exhibit 2.

16. The Policy provides Workers Compensation Insurance and Employers Liability Insurance coverage parts.

17. Part Two of the Policy provides employers liability coverage with limits of $1,000,000 per accident.

18. Subject to certain terms, definitions and exclusions, Part Two of the Policy applies to bodily injury caused by an accident, including bodily injury resulting in death. *See* Exhibit 2.

19. Section A of Part Two of the Policy provides:

> **A. How This Insurance Applies**
>
> This employers liability insurance applies to bodily injury by accident or bodily injury by disease….

20. Section B of the Part Two of the Policy provides as follows:

> B. **We Will Pay**
>
> We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance. . . .

*See* Exhibit 2.

21. Section C of the Part Two of the Policy sets forth the following exclusions:

4

C.  **Exclusions**

This insurance does not cover:

\*\*\*

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you;

\*\*\*

11. Fines or penalties imposed for violation of federal or state law; . . .

See Exhibit 2.

**ICW's Coverage Position**

22. HPA sought coverage from ICW for the *Sullivan* Lawsuit under the Policy.

23. In a letter dated October 11, 2023, ICW informed HPA that it disclaimed any coverage obligation to HPA because the *Sullivan* Lawsuit alleges that Elliot Sullivan's injuries were due to intentional conduct and not due to an "accident" as required for coverage. A true and correct copy of the October 11, 2023 letter is attached hereto as Exhibit 3.

24. ICW also disclaimed coverage pursuant to an exclusion that precludes coverage for "any obligation imposed by a workers compensation … or any other similar law" because ICW accepted and paid benefits to Elliot Sullivan's estate under the workers' compensation portion of the Policy. *See* Exhibit 3.

25. ICW further informed HPA that the Policy precludes coverage under the intentional act exclusion because the *Sullivan* Lawsuit alleges that HPA acted with intent to cause injury to Elliot Sullivan. for "bodily injury intentionally caused or aggravated by [HPA]". *See* Exhibit 3.

26. ICW now seeks a declaration that it has no duty under the Policy to defend or indemnify HPA against the *Sullivan* Lawsuit.

27. Upon information and belief, HPA disputes ICW's position and contends that ICW is obligated to defend and indemnify it against the *Sullivan* Lawsuit.

28. Therefore, there is a ripe and justiciable controversy between the parties requiring declaratory relief by this Court.

## DECLARATORY JUDGMENT

29. ICW incorporates Paragraphs 1 through 28 above as though fully set forth herein.

30. Coverage for the losses alleged in the *Sullivan* Lawsuit are excluded from coverage because the allegations against ICW seek damages for injuries to an employee of ICW that are covered by the Indiana Workers' Compensation Act and the ICW Policy excludes "any obligation imposed by a workers compensation … or similar law."

31. Under Indiana law, the Workers' Compensation Act is the exclusive remedy against an employer for injuries sustained by an employee during the course of employment except when an employer has actual knowledge that an injury is certain to occur and acted with intent to cause injury to the plaintiff.

32. The *Sullivan* Complaint alleges that HPA "acted with actual intent to cause injury to Elliot." *See*, Exhibit 1, ¶ 70.

33. The allegations of the *Sullivan* Complaint do not fall within the coverage of the ICW Policy because it does not allege that the bodily injuries suffered by Elliot Sullivan were caused by an accident or disease.

34. The allegations of the *Sullivan* Lawsuit do not fall within the coverage of the ICW Policy because they seek damages for "bodily injury intentionally caused or aggravated by" HPA and are therefore excluded under the ICW Policy.

35. Based upon the plain and unambiguous language of the Policy, ICW has no duty to defend or indemnify HPA in connection with the *Sullivan* Lawsuit because the underlying factual basis of the *Sullivan* Lawsuit, even if proved true, would not result in liability under the insurance policy issued by ICW to HPA.

36. ICW is entitled to declaratory relief to resolve the dispute between the parties.

37. By focusing on the aforementioned positions in this action, ICW does not waive any other coverage defenses available to it under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, INSURANCE COMPANY OF THE WEST, respectfully requests that judgment be entered in its favor and against the Defendants:

A. Declaring Insurance Company of the West has no duty to defend or indemnify High Performance Alloys, Inc. against the *Sullivan* Lawsuit because the *Sullivan* Lawsuit alleges that Elliot Sullivan's injuries were due to intentional conduct and not due to an "accident" as required for coverage;

B. Declaring Insurance Company of the West has no duty to defend or indemnify High Performance Alloys, Inc. against the *Sullivan* Lawsuit because coverage is precluded by the workers compensation exclusion in the Policy;

C. Declaring Insurance Company of the West has no duty to defend or indemnify High Performance Alloys, Inc. against the *Sullivan* Lawsuit because coverage is precluded by the intentional acts exclusion in the Policy; and

  D.  Granting Insurance Company of the West all other relief which this Court deems just and proper, including costs of this suit.

         Respectfully Submitted,

         INSURANCE COMPANY OF THE WEST

         By: */s/ William K. McVisk*
            William K. McVisk

William K. McVisk (# 21360-45)
Rachel V. Bassett*
TRESSLER LLP
233 South Wacker Drive – 61st Floor
Chicago, IL 60606-6399
Telephone:  312.627.4000
Fax:  312.627.1717
E-mail:  wmcvisk@tresslerllp.com
    rbassett@tresslerllp.com

* Will be seeking pro hac vice admission for this matter